Dominic Marusco, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania State Harness Racing Commission, Respondent.

Argued June 11, 1982, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*A. Arthur Hanamirian, McEldrew, Hanamirian, Quinn & D'Amico, P.C.,* for petitioner.

*Victor S. Jaczun,* with him *John P. McCord,* Acting General Counsel, for respondent.

OPINION BY JUDGE ROGERS, July 27, 1982:

Dominic Marusco, a licensed trainer, appeals from an order of the State Harness Racing Commission (Commission) suspending his license for sixty days, fining him $250 and forfeiting a purse for violating a Commission regulation relating to the duty of trainers to guard horses prior to racing against being administered drugs. We affirm.

A chemist at the Commission's official drug testing laboratory detected the presence of a drug in the urine sample taken after racing from a horse trained by

Marusco. Marusco appealed an indefinite suspension of his license by the judges of the race meeting to the Commission, which, after a hearing, affirmed the officials' determination, imposing the sanctions first above described. This appeal followed.[1]

Our review of agency decisions such as the one here is limited to a determination of whether the agency's findings of fact are supported by substantial evidence, errors of law have been committed or constitutional rights violated. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

The Commission concluded that Marusco had violated Section 7 of Rule 21 of the Commission's Rules and Regulations, 58 Pa. Code §183.357. This provides:

183.357. Responsibility of a trainer.

A trainer shall be responsible at all times for the condition of all horses trained by him. No trainer shall start a horse or permit a horse in his custody to be started if he knows or if by the exercise of reasonable care he might have known or have cause to believe, that the horse has recieved any drug, stimulant, sedative, depressant, medicine, or other substance that could result in a positive test. *Every trainer must guard or cause to be guarded* each horse trained by him in such manner and for such period of time prior to racing the horse so as to prevent any person from administering any drug, stimulant, sedative, depressant, or other substance resulting in a positive test. (Emphasis added.)

---

[1] At argument Marusco's counsel withdrew a question concerning the fairness of the proceeding based on the Commission's handing down its decision without giving him opportunity to brief and argue the defense.

Marusco admitted at the hearing that his horse was unguarded for more than three hours on the day of the race. Substantial evidence supports the Commission's finding of the presence of a drug in the urine of Marusco's horse. Three chemists performed tests of the sample. The drug was detected in two of the tests, one performed by a Commission employee and one by an independent chemist hired by the Commission for the purpose. The third test, performed by a Commission approved chemist chosen by Marusco, was negative.

Marusco's arguments that the Commission had no authority to arrange for an independent test, that he cannot be punished for merely failing to guard his horse without proof that he knew his horse had been drugged and that the Commission had been less severe in its punishment of other trainers, are clearly without merit.

Order affirmed.

### ORDER

AND Now, this 27th day of July, 1982, the order of the State Harness Racing Commission in the above-captioned case is affirmed.